# RECORD NO. 24-1027

In the United States Court of Appeals
for the
Fourth Circuit

## FX AVIATION CAPITAL, LLC,

*Plaintiff-Appellant,*

v.

## LG AVIATION, INC., MARK LIKER, HECTOR GUERRERO, ANATOLY GALUNOV, STRATUS AIRCRAFT N/K/A AIRLUX AIRCRAFT, INC.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of South Carolina
Greenville Division
In Case No. 6:22-cv-01254-HMH
Honorable Henry M. Herlong, Jr., Senior U.S. District Court Judge

## BRIEF OF PLAINTIFF-APPELLANT FX AVIATION CAPITAL, LLC

William H. Foster
LITTLER MENDELSON, P.C.
110 East Court Street, Suite 201
Greenville, SC 29601
864.775.3190
bfoster@littler.com

*Counsel for Plaintiff-Appellant*

# **TABLE OF CONTENTS**

JURISDICTIONAL STATEMENT..…………………………………………….1

STATEMENT OF SUPPLEMENTAL ISSUES ………………………………....1

STATEMENT OF CASE …………...………………………………………….....1

SUMMARY OF THE ARGUMENT...……………………………………….…...2

  A.   The District Court's Orders Related to Respondents' Motion for Summary Judgment are Final Orders Which are Appealable Under 28 U.S.C. § 1291..3

  B.   Any Further Briefing on the Court's Ability to Exercise Jurisdiction Over This Appeal Should be Held in Abeyance Until After the Court Considers and Rules Upon the Consent Motion to Supplement the Record on Appeal………7

CONCLUSION……………………………………………………………….8

## Cases

**Cases**

*B.P.J. by Jackson v. W. Virginia State Bd. of Educ.*, 98 F.4th 542, 552 (4th Cir. 2024) ................................................................................................................3, 4

*Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34 (1945) ............4, 7

GE Inv. Priv. Placement Partners II v. Parker, 247 F.3d 543, 551 n.2 (4th Cir. 2001) .................................................................................................................4

*Insinga v. LaBella,* 817 F.2d 1469, 1469–70 (11th Cir.1987) ...............................3, 5

*McDougald v. Stone*, 861 F.2d 264 (4th Cir. 1988) ...................................................7

*Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) .................................................3, 4

*United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 232, 78 S.Ct. 674, 678 (1958) ........................................................................................................4

*Vazquez v. Maryland State Police Dept.*, 74 F.3d 1235 (4th Cir. 1996) ...................3

**Statutes**

18 U.S.C. § 1962(c) ................................................................................... 3, 4, 10

18 U.S.C. § 1962(d) ................................................................................... 3, 4, 10

28 U.S.C. § 1291 ................................................................................ 3, 4, 5, 6, 9

# I.
# JURISDICTIONAL STATEMENT

This matter involves Appellant FX Aviation, LLC's ("FX" or "Appellant") claims brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c), (d). This Court has jurisdiction over this appeal because it pertains to a final order granting summary judgment entered on December 6, 2023, in the District Court of South Carolina pursuant to 28 U.S.C. § 1291.

# II.
# STATEMENT OF SUPPLEMENTAL ISSUES

1. Whether the district court's grant of summary judgment was a final order for purposes of 28 U.S.C. § 1291.

2. Whether any other basis exists for this Court to exercise jurisdiction over this action if the district court's grant of summary judgment was not a final order under 28 U.S.C. § 1291.

# III.
# STATEMENT OF THE CASE

This is an appeal of an order from the United States District Court for the District of South Carolina granting Respondents' Motion for Summary Judgment. (JA394.) The order dismissing Appellant's claims states and states that "the court grants summary judgment on FX's § 1962(c) claim" and it did the same for

Appellant's § 1962(d) claim. (JA395.) Meaning, none of FX's claims survived summary judgment. (JA395.)

Moreover, the district court issued a subsequent order,[1] the day after it issued the order granting summary judgment in favor of Respondents, which provides that any issues pertaining to Hector Guerrero ("Mr. Guerrero") were moot in light of the court's order granting summary judgment and that the entire case, including any claims against Mr. Guerrero, were dismissed. Thus, the district court's supplemental order further confirmed that none of FX's claims survived summary judgment, including any alleged against Mr. Guerrero.

Afterwards, Appellant initiated this appeal asking this Court to reverse the district court's order granting summary judgment and dismissing this action.

## IV.
## **SUMMARY OF THE ARGUMENT**

The district court's order granting Respondents' motion for summary judgment is a final order because it disposes of all of Appellant's claims alleged in the relevant complaint. The language of the relevant order clearly evidences the district court's intent to dispose of Appellant's claims completely. Furthermore, the district court's actions subsequent to issuing that order, namely the December 7th order issued concerning Mr. Guerrero, also confirm that the district court intended

---

[1] A copy of the district court's supplemental order is attached as Exhibit A to the parties' Consent Motion to Supplement the Record on Appeal (ECF No. 58).

2

for its order granting summary judgment to be a final order disposing of every causes of action alleged by Appellants. Thus, the district court's order granting summary judgment is a "final order," and therefore, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1291.

## V.
## ARGUMENT

**A.  The District Court's Orders Related to Respondents' Motion for Summary Judgment are Final Orders Which are Appealable Under 28 U.S.C. § 1291.**

This Court has jurisdiction over "final judgments" from district courts. 28 U.S.C. § 1291. Orders granting summary judgment are considered "final judgments" and therefore are appealable under § 1291. *Vazquez v. Maryland State Police Dept.*, 74 F.3d 1235 (4th Cir. 1996). When considering what constitutes a "final judgment," appellate courts look to the substance, not the form of the relevant order to determine if the order(s) at issue constitute an appealable final decision. *B.P.J. by Jackson v. W. Virginia State Bd. of Educ.*, 98 F.4th 542, 552 (4th Cir. 2024) (citing *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015)).

Importantly, "where final judgment has been entered as to all defendants who have been served with process and only unserved defendants remain, the district court's order may be considered final under 28 U.S.C. § 1291 for purposes of perfecting an appeal."*Insinga v. LaBella,* 817 F.2d 1469, 1469–70 (11th Cir.1987).

3

Here, the district court's opinion and order granting summary judgment demonstrates that it was intended – and in fact is – a final order. In that order, the district court judge held:

> Accordingly, because the undisputed facts do not support a finding of either open-ended or closed-ended continuity, the court grants summary judgment on FX's § 1962(c) claim. Because FX's § 1962(c) claim fails, its conspiracy claim arising under § 1962(d) necessarily fails as well. *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 551 n.2 (4th Cir. 2001); *Foster v. Wintergreen Real Est. Co.*, 363 F. App'x 269, 275 n.6 (4th Cir. 2010) (unpublished).

(JA395).

Appellant's only claims in this action are its claims under §§ 1962(c) and 1962(d). As a result, the district court's holding disposes of all of Appellant's claims – against all defendants named in the case – and does so completely. This ruling is one which is final and "en[ds] the litigation on the merits," *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34 (1945) (citation omitted), and represents a clear declaration of the trial court's intent that the opinion and order granting summary judgment is a final order ending the underlying litigation as to all parties involved in the same. *United States v. F. & M. Schaefer Brewing Co.,* 356 U.S. 227, 232, 78 S.Ct. 674, 678 (1958).

Thus, the substance of the district court's order granting summary judgment clearly demonstrates that it is a "final order" which may be appealed. *B.P.J. by Jackson*, 98 F.4th at 552; *Zook*, 803 F.3d at 696.

Importantly, Mr. Guerrero had not been served with the operative complaint at the time that relevant motion for summary judgment was filed. Mr. Guerrero also had not appeared in this action at that time, nor had he participated in the litigation at all. Thus, the dispositive motion filed – i.e., Respondents' Motion for Summary Judgment – was a dispositive motion filed on behalf of all of the defendants who had appeared and participated in this action. Accordingly, the order granting that motion constitutes a final order dismissing every claim alleged against the defendants who appeared in the action, and further, each of FX's claims alleged in this case, in their entirety and therefore should be considered a final order.[2] *See Insinga,* 817 F.2d at 1469–70.

Furthermore, the district court issued a subsequent order related to Mr. Guerrero which further confirms that the opinion and order granting summary

---

[2] The order granting Respondents' Motion for Summary Judgment was entered on December 6, 2023, at 9:47 AM. At the time that order was entered, the issue of whether Mr. Guerrero ***could*** be joined as party to this action, given the passage of time and significant amount of the litigation which had been conducted without his involvement (i.e., discovery was closed), had not been addressed. If the district court had not granted Respondents' dispositive motion, the district court would have had to decide whether Mr. Guerrero could have been joined in this action at all. However, the district court had yet to take up that issue, because, it appears, from the timing of the entry of the order granting Respondents' Motion for Summary Judgment, the district court had reached a conclusion which rendered the issue of Mr. Guerrero's need to participate in this action moot – the conclusion to dismiss FX's claims ***in their entirety*** via the order entering summary judgment in favor of Respondents. Hence, the district court's conclusion in its December 7, 2023, order stating the same.

5

judgment was intended to be a final order, fully disposing of Appellant's claims completely. (ECF No. 58 at 4-5.) On December 7, 2023, the district court issued an order which states "[t]he clerk is directed to enter judgment in *this case*. The issue of whether Defendant Hector Guerrero has been properly served or whether an answer is required in this case is *moot* in light of the court's December 6, 2023 order granting summary judgment *in this case*." (ECF No. 58 at 4-5) (emphasis added). The December 7th order confirms that the opinion and order granting summary judgment was intended to resolve the entire case given the court's holding that the court had issued an "order granting summary judgment *in this case*." This language confirms that the order granting summary judgment was intended to fully dispose of this action, i.e., "this case," and therefore was intended to be and is a final order.

Furthermore, the fact that the district court concluded that Mr. Guerrero's involvement in the action (i.e., whether he had been properly served with the relevant complaint, appeared in the action, or was required to file any responsive pleading) was moot confirms that the order granting Respondents' dispositive motion resolved each and every claim alleged in the complaint, including, *inter alia*, any claims alleged against Mr. Guerrero. Indeed, if the order granting summary judgment was not *intended* to apply with such finality, the district court would not have held that any issues pertaining to Mr. Guerrero were moot.

Given the district's actions following its order granting summary judgment, the district court clearly intended the order granting summary judgment to be a final order which resolved each of Appellant's claims alleged in this action and no further claims remained in this case. Where such an order is issued, i.e., one which resolves all claims alleged in the action, that order "ends the litigation . . . and leaves nothing for the court to do . . . ." *McDougald v. Stone*, 861 F.2d 264 (4th Cir. 1988) (quoting *Caitlin*, 324 U.S. at 233).

Accordingly, the district court's order granting summary judgment is a final order which may be appealed under § 1291. As a result, this Court has jurisdiction over this appeal.

**B.    Any Further Briefing on the Court's Ability to Exercise Jurisdiction Over This Appeal Should be Held in Abeyance Until After the Court Considers and Rules Upon the Consent Motion to Supplement the Record on Appeal**.

In light of the foregoing and the information contained in the parties Consent Motion to Supplement the Record on Appeal, Appellant submits that this Court need not rely upon any other authority to exercise jurisdiction over this appeal. However, FX respectfully requests that this Court wait to address its need to rely upon any other authority to exercise jurisdiction over this appeal until after this Court has fully considered the additional order attached to the parties' Consent Motion to Supplement the Record on Appeal, its impact on this Court's jurisdiction over this appeal, and ruled upon that motion. Furthermore, should the Court believe that the

7

supplemental order included in the parties Consent Motion to Supplement the Record on Appeal, FX respectfully requests that the parties be afforded the opportunity to supplement their briefing on this issue to address any other authority to exercise jurisdiction once this Court has issued an order on the pending motion.

## VI.
## CONCLUSION

Based upon the foregoing, the District Court erroneously granted summary judgment on FX's claims alleged under §§ 1962 (c) and (d). Therefore, the District Court's order granting summary judgment on those claims should be reversed and the case remanded for further proceedings.

Dated: November 18, 2024                    Respectfully submitted,

                                                         */s/ William H. Foster*
                                                         William H. Foster
                                                         LITTLER MENDELSON, P.C.
                                                         110 East Court Street, Suite 201
                                                         Greenville, SC 29601
                                                         864.775.3190
                                                         bfoster@littler.com

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the page limitation of Fed. R. App. P. 32(a)(7)(A) because this brief contains 1975 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally space typeface using in Times New Roman 14-point font.

                                                 */s/ William H. Foster*
                                                 William H. Foster

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November 2024, a true and correct copy of the foregoing Brief was filed electronically with the U.S. Court of Appeals for the Fourth Circuit, which will send a notice of the filing to all counsel of record and/or serve all unrepresented parties.

                                                 */s/ William H. Foster*
                                                 William H. Foster